IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TEDDY S. WILLIAMS,

    Plaintiff,                    No. CIV S-05-2239 LKK DAD P

    vs.

P. FERGUSON, et al.,              ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983 together with an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

        Plaintiff's in forma pauperis application has not been completed properly. The certificate section of the form has not been completed and signed by an authorized officer at plaintiff's institution. The application does not include a certified copy of plaintiff's prison trust account statement showing all transactions during the six month period immediately preceding the filing of this action. See 28 U.S.C. § 1915(a)(2). Plaintiff's incomplete application will be denied.

        The district court is required to screen every complaint brought by an inmate seeking relief against a governmental entity or officer or employee of a governmental entity. See

28 U.S.C. § 1915A. When a plaintiff seeks to proceed in forma pauperis, the district court is required to dismiss the action if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In the present case, plaintiff is confined in Wasco State Prison, which is within the jurisdiction of the United States District Court for the Eastern District of California sitting in Fresno. Plaintiff has sued the Board of Prison Terms, a government entity, and Warden Vaquez, a government employee. In the section of the complaint titled "Statement of Claim," plaintiff refers to the Americans With Disabilities Act and alleges that he is disabled as a result of mental illness and brain injuries caused by staff in the Santa Barbara County Jail. Plaintiff states that P. Ferguson, an attorney, visited plaintiff in the Santa Barbara County Jail and told plaintiff that he was plaintiff's attorney. Plaintiff asserts that he needs a panel or volunteer attorney willing to accept his case. In the section of the complaint titled "Relief," plaintiff (1) asks the court to declare the parties' rights, (2) states that unspecified defendants are not giving him hearings on his inmate grievances, (3) requests that his complaints be served on the Board of Prison Terms, (4) asks for compensatory and punitive damages for loss of wages while in the Santa Barbara County Jail, (5) requests that his legal property be transferred from the Santa Barbara County Jail to Wasco State Prison, (6) seeks an order requiring defendants to answer all of his pending inmate appeals immediately, and (7) requests various documents, legal supplies, and immediate law library access.

Plaintiff's complaint suffers from many defects. First, plaintiff has not alleged facts showing that any defendant resides within the jurisdiction of the Sacramento Division of this court. Plaintiff is informed that claims arising from events that occurred in Santa Barbara County must be litigated in the appropriate state court or in the United States District Court for the Central District of California. Claims arising from events that occurred at Wasco State Prison must be litigated in the Fresno Division of this court.

This court will not transfer plaintiff's complaint to the Fresno Division or to the Central District because of other defects in the complaint. Defendant Ferguson, the attorney who visited plaintiff in the Santa Barbara County Jail, is not a "state actor" within the meaning of 42 U.S.C. § 1983 and cannot be sued in a § 1983 civil rights action. Plaintiff's vague and conclusory allegations fail to link the Board of Prison Terms or Warden Vaquez to the claimed violations of rights.

In addition, plaintiff's complaint contains a concession of nonexhaustion of administrative remedies. Plaintiff alleges that a grievance procedure is available at his institution, that he has not filed a grievance concerning the facts relating to this complaint because "WSP is not following the law and the Board of Prison Terms," and that the grievance process is not completed. Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion of prison administrative procedures is required regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). A remedy is deemed to be "available" for purposes of § 1997e(a) as long as the administrative process has authority to take some action in response to the prisoner's grievance, even if the action that might be taken is not the remedial action sought by the prisoner. Id. at 736. Courts are not permitted to read futility or other exceptions into the statutory exhaustion requirements. Id. at 741 n.6. A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam).

In the present case, plaintiff's complaint contains a concession to nonexhaustion of available administrative remedies. This action should be dismissed without prejudice to the filing of a new civil rights action, or actions, after plaintiff completes the grievance process and thereby exhausts available administrative remedies. Any new action should be filed in the

appropriate court, should name appropriate defendants, and should allege facts linking each named defendant to the alleged civil rights violations.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's November 4, 2005 application to proceed in forma pauperis is denied; and

IT IS RECOMMENDED that this action be dismissed without prejudice for failure to state claims cognizable in this court and for failure to exhaust available administrative remedies before bringing this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 14, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
will2239.efr